# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                                   **Case No. 14-CR-20130-02-JAR**

**ENOCH CLARK, III,**

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Clark's Motion to Compel Discovery (Doc. 148). The Government responded in opposition[1] to the Motion to Compel and the Court held a hearing on February 22, 2016. At the hearing, Defendant requested leave to file a reply to the Government's opposition, and expressed that he intended to narrow his discovery request. The Court granted leave for Defendant to file a reply and for the Government to file a surreply. The motion is now fully briefed and for the reasons below, the Court grants Defendant's Motion to Compel and orders the Government to produce relevant portions of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") manual to the Court for an *in camera* review.

This case arises out of a stash-house robbery sting operation led by the ATF, in which the Defendants allegedly agreed with undercover ATF agents and confidential informants to commit a robbery of a drug stash house that did not actually exist. Defendants Clark and Dixon have filed motions to dismiss for outrageous government conduct.[2] Defendant Clark's Motion to Compel Discovery seeks information related to the ATF's practices in conducting phony stash

---

[1] Doc. 152.

[2] Docs. 61, 63.

house sting operations; specifically, Defendant Clark contends that the facts of the present case differ from other fake stash house robbery scenarios and he seeks discovery into the ATF's practices regarding these types of operations.

In his original Motion to Compel, Defendant Clark requested that the Government be ordered to provide to the Court the ATF manual, orders discussing stings, any other materials discussing stings, reverse stings, or entrapment operations, including a document entitled *The Home Invasion Operations Bulletin*[3] and directions to agents and confidential informants regarding how to conduct such operations.[4] He further requested all Kansas City field office ATM manuals, circulars, field notes, correspondence, or anything else discussing stings, reverse stings, or entrapment operations, including directions to agents and confidential informants regarding how to conduct such operations.[5] Defendant requested that these materials be produced to the Court for an *in camera* review. The Government opposed Defendant's motion, arguing that the requested materials are not relevant, are privileged as part of the Government's deliberative process, and are not subject to production because they concern law enforcement techniques. The Government further argued that Defendant's request is unreasonable and is a "fishing expedition."

Defendant narrowed his discovery request in his Reply[6] and limited it to the portions of the ATF manual, including the Home Operations Bulletin, that discusses phony stash house operations, the way the ATF is supposed to conduct those operations, and portions of the ATF

---

[3] This document has also been referred to as the "Home Operations Bulletin" in the parties' briefs.

[4] Doc. 148, at 3.

[5] Doc. 148, at 3.

[6] Doc. 158.

manual dealing with the use of confidential informants.[7]  Defendant's request is limited to the versions of the documents that were in use at the time of the events in this case.[8]  As in his original motion, Defendant requests that these materials be produced to the Court for an *in camera* review, and then submitted to Defendant as the Court deems proper.

The Government opposes Defendant's more limited request for discovery.[9]  The Government reiterates in its Surreply its contentions that the requested information is privileged, and the requested materials are not relevant to Defendant's claim of outrageous government conduct.  Counsel for the Government also represents that there is no national or local publication entitled "Home Operations Bulletin."[10]

Information similar to that requested by Defendant Clark in his Reply has been provided in other courts, often using the procedure suggested by Defendant where the documents are produced to the court for an *in camera* review, and then provided to the defendant as the court deemed appropriate.[11]  This procedure protects from dissemination of sensitive or irrelevant information, while still allowing a defendant to access information that could help his or her defense.  Producing the information *in camera* for the Court's review satisfies the Government's concern in this case that some of the information should be considered privileged and should not be produced to Defendant Clark.  In addition, case law suggests that the same or similar

---

[7] Doc. 158, at 1.

[8] Doc. 158, at 1.

[9] Doc. 162.

[10] Doc. 162, at 2.

[11] *United States v. Hare*, No. DKC 13-0650, 2014 WL 1573545, at *2 (D. Md. Apr. 17, 2014) (determining after *in camera* review of ATF field manual or playbook produced by the government that page related to selecting a target must be produced to defendant); *United States v. Alexander*, No. 11 CR 148-1, 2013 WL 6491476, at *6 (N.D. Ill. Dec. 10, 2013) (allowing limited discovery of portions of the ATF manual related to phony stash house robbery cases, which was submitted to the court for *in camera* review);

information as that being requested here has indeed been produced in other cases.[12]  The

Government suggests that this information would not be admissible at trial and therefore need

not be produced; however, this Court is not assessing whether this material should be admitted at

trial.  Rather, this is information that may be material to Defendants' pre-trial motion.  Nor is the

Court persuaded by the Government's contention that this material is part of the agency's

internal deliberative process and thus not subject to production.  Deliberative process privilege

deals with documents and other materials that form the basis by which an agency's policies are

formulated; in other words, the underlying recommendations or communications that take place

before an agency formulates a policy.[13]  The discovery being sought in this case is distinct from

those types of materials.  Defendant Clark seeks portions of the manual which deals with a

specific ATF policy and practice that is already in place.  Precedent suggests that limited

production of such material is appropriate.  Finally, the Court finds the more limited iteration of

Defendant's request, as it is laid out in his Reply, to be reasonable.

   Accordingly, the Government is directed to produce to the Court for an *in camera*

inspection the portions of the ATF manual that deal with phony stash house operations, as well

as the portions of the manual that address the ATF's use of confidential informants.  To the

extent that the local ATF manual differs from the national ATF manual, both should be produced

to the Court.  Only those policies in place at the time the events in this case took place need be

produced.  As noted above, counsel for the Government represents that a requested document

---

[12] *United States v. Cousins*, No. 12 CR 865-1, 2014 WL 5023485, at *6 (N.D. Ill. Oct. 7, 2014); *Alexander*, 2013 WL 6491476, at *6; *Hare*, 2014 WL 1573545, at *2; *United States v. Paxton*, No. 13 CR 103, 2014 WL 1648746, at *6 (N.D. Ill. Apr. 17, 2014); *United States v. Smith*, 817 F. Supp. 1366, 1369 (E.D. Ky. 1993).

[13] *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)) (deliberative process privilege shields "documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated.").

entitled "Home Operations Bulletin" or "The Home Invasion Operations Bulletin" does not exist. However, the Court expects that if a similarly titled document exists, or differently-titled documents exist which deal with the subject matter at hand, those will be produced to the Court in accordance with this Order. If, after reviewing these documents, the Court determines that some or all of the materials should be produced to Defendant, the Court will order the production at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clark's Motion to Compel Discovery (Doc. 148) is granted. As more fully set out above, the Government is directed to produce to the Court for an *in camera* inspection the portions of the ATF manual that deal with phony stash house operations, as well as the portions of the manual that address the ATF's use of confidential informants.

**IT IS SO ORDERED.**

Dated: <u>April 25, 2016</u>

              S/ Julie A. Robinson
             JULIE A. ROBINSON
             UNITED STATES DISTRICT JUDGE